# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| SHEILA K. BAKER, Executor of the Estate of Earl Wayne Arthur, | : : : |
| Plaintiff, | : : |
| v. | : : : |
| THE OHIO OPERATING ENGINEERS PENSION PLAN | : : : |
| and | : : : |
| VIC DIGERONIMO, JR. TRUSTEE OF THE OHIO OPERATING ENGINEERS PENSION PLAN | : : : : : |
| and | : : |
| STANLEY I. ROEDIGER, JR. TRUSTEE OF THE OHIO OPERATING ENGINEERS PENSION PLAN | : : : : |
| and | : : |
| MARK STERLING TRUSTEE OF THE OHIO OPERATING ENGINEERS PENSION PLAN | : : : : |
| and | : : |
| GEORGE PALKO TRUSTEE OF THE OHIO OPERATING ENGINEERS PENSION PLAN | : : : : |
| and | : : |
| PATRICK L. SINK TRUSTEE OF THE OHIO OPERATING ENGINEERS PENSION PLAN | : : : : |
| and | : : : |

Civil Action No. 2:17-CV-00316

JUDGE ALGENON L. MARBLEY

MAGISTRATE JUDGE TERENCE P. KEMP

| | |
|---|---|
| RICHARD E. DALTON | : |
| TRUSTEE OF THE OHIO OPERATING | : |
| ENGINEERS PENSION PLAN | : |
| | : |
| and | : |
| | : |
| MARK TOTMAN | : |
| TRUSTEE OF THE OHIO OPERATING | : |
| ENGINEERS PENSION PLAN | : |
| | : |
| and | : |
| | : |
| THOMAS P. BYERS | : |
| TRUSTEE OF THE OHIO OPERATING | : |
| ENGINEERS PENSION PLAN | : |
| | : |
| and | : |
| | : |
| CAROL A. WILSON | : |
| FUND ADMINISTRATOR OF THE OHIO | : |
| OPERATING ENGINEERS PENSION | : |
| PLAN | : |
| | : |
| and | : |
| | : |
| UNKNOWN JOHN DOES (1 through 6), | : |
| | : |
| Defendants. | : |

**FIRST AMENDED COMPLAINT FOR RECOVERY OF PLAN BENEFITS
AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

COMES NOW Plaintiff, Sheila K. Baker, as Executor of the Estate of Earl Wayne Arthur, and makes the following representations to the Court for the purpose of obtaining relief from Defendants' refusal to pay the pension benefits due under an employee benefits plan under ERISA, and for other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

2

## JURISDICTION AND VENUE

1.      This Court's jurisdiction over Plaintiff's claim for pension benefits is invoked under federal question jurisdiction pursuant to 28 U.S.C. § 1331 and under the express jurisdiction found in the ERISA statute under 29 U.S.C. § 1132(e), 1132(f) and 1451(c) (ERISA § 502(e), 502(f) and 4301(c)). Plaintiff's claims "relate to" an "employee pension benefit plan" as defined by ERISA, 29 U.S.C. § 1001, et seq.

2.      The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor Regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative and internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and the matter is now properly before this Court for judicial review.

3.      Venue is proper within the Southern District of Ohio pursuant to 29 U.S.C. § 1132(e)(2) as the district in which the Ohio Operating Engineers Pension Plan (the "Pension Plan") was administered. In addition, the Pension Plan provides that actions to recover under the Pension Plan shall only be brought in the United States District Court in Columbus, Ohio.

## PARTIES

4.      Plaintiff's decedent, Earl Wayne Arthur ("Mr. Arthur"), was at all relevant times a resident of Clermont County, Ohio. Mr. Arthur died on September 22, 2016. A true and accurate copy of the Certificate of Death is attached as **Exhibit 1.**

5.      During his lifetime, Mr. Arthur was a member of Local Union No. 18 of the International Union of Operational Engineers, and a Participant in the Pension Plan.

6.      Plaintiff, Sheila K. Baker, Executor of the Estate of Earl Wayne Arthur (the "Estate"), is currently and was at all relevant times a resident of the State of Arizona. She was appointed Executor of the Estate of Earl Wayne Arthur on October 14, 2016. A true and accurate copy of the Letters of Authority is attached as **Exhibit 2.**

7. Defendant, The Ohio Operating Engineers Pension Plan, is an employee pension benefit plan within the meaning of ERISA, 29 U.S.C. § 1001, et seq.

8. Defendants, Vic DiGeronimo, Jr., Stanley I. Roediger, Jr., Mark Sterling, George Palkow, Patrick L. Sink, Richard E. Dalton, Mark Totman, and Thomas P. Byers, Trustees of The Ohio Operating Engineers Pension Plan, on information and belief, are present trustees and fiduciaries of the Pension Plan and the plan sponsor of the Pension Plan within the meaning of § 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). Defendants John Doe #1 through John Doe #6 are individuals designated or appointed and currently serving as trustees and fiduciaries of the Pension Plan whose identities are presently unknown to Plaintiff. The trustees of the Pension Plan identified in this paragraph and John Does #1 through #6 are collectively referred to as "Trustees."

9. Defendant Carol A. Wilson is the Fund Administrator, as defined in Section 9.01 of the Pension Plan, and as such serves as the Plan Administrator within the meaning of Section 3(16) and 4001(a)(1) of ERISA § 1001(16) and 1301(a)(1), and is a fiduciary of the Pension Plan.

10. The Trustees and Carol A. Wilson administer the Pension Plan from the office of the Fund Administrator, Carol A. Wilson, at 1180 Dublin Road, Columbus, Ohio 43212.

11. Defendants are the parties obligated to pay benefits and to determine eligibility for benefits under the Pension Plan.

## FACTS

12. Mr. Arthur was at all relevant times a Participant in the Pension Plan as defined in the Pension Plan.

13. Upon his retirement on May 1, 2014, Mr. Arthur elected to receive his pension benefit in the Normal Form of payment, a guaranteed single life annuity, 60 payments certain.

4

14. As of the date of Mr. Arthur's death on September 22, 2016, he had received 29 of the guaranteed 60 payments under the Pension Plan.

15. Mr. Arthur died without surviving children, surviving parents, or surviving brothers or sisters, or a valid beneficiary designation for the payment of remaining benefits under the Pension Plan. Mr. Arthur's Estate became his beneficiary for his remaining Pension Plan benefits.

16. The Estate asserted a claim for death benefits under the Pension Plan on or about November 8, 2016.

17. The Estate received a denial letter dated December 2, 2016 on the letterhead of "Ohio Operating Engineers Fringe Benefits Programs" signed by Carol A. Wilson, Fund Administrator.

18. The denial letter stated that "the Estate is not a designated beneficiary to Mr. Arthur's death benefit," and the "Estate's claim for that benefit is therefore denied."

19. The Estate appealed the denial of benefits by letter dated December 7, 2016. In the appeal letter, the Estate asserted that Section 6.01 of the Pension Plan provides that unless an optional form of payment is elected by the Participant, the benefit of an unmarried Participant shall be paid in the "Normal Form."

20. Section 1.18 of the Pension Plan defines "Normal Form" as:

> "Normal Form" means an immediate five years certain and life annuity, payable in monthly installments on the first day of each calendar month for 60 months certain and thereafter on the first day of each calendar month in which the Participant has lived the entire preceding month. In the event of the Participant's death during the 60-month certain period, monthly payments, in the same amount as those made during the Participant's life, shall continue to the Participant's Beneficiary for the balance of such period certain.

21. Section 7.02 of the Pension Plan provides in relevant part:

> If a Participant retires having elected a pension for life with no survivor annuity provisions (with spousal consent in the case of a married Participant) and begins receiving either a retirement benefit, disability retirement benefit or deferred vested benefit and dies before having 60 monthly payments of such benefit, payments shall be made to the Participant's Beneficiary either (a) monthly until the remainder of the 60 monthly payments have been made; or (b) in a single lump sum amount calculated using a 5% interest reduction factor. If payments continue to be made monthly to the Participant's Beneficiary and said Beneficiary dies before such 60 monthly payments have been made, the remaining payments shall be made as prescribed in Section 7.06. If, upon the death of the Beneficiary, the payment is to be made to the Beneficiary's estate or to more than one individual, such payment will be made in a single lump sum amount calculated using a 5% interest reduction factor.

22. In addition, Section 7.06 of the Pension Plan states in relevant part:

> Upon the death of a married Participant who is eligible for a death benefit, the Trustees, upon proper notice and such verification as they shall require, shall pay the death benefit specified in Section 7.04
>
> Upon the death of an unmarried Participant who is eligible for a death benefit, the Trustees, upon proper notice and such verification as they shall require, shall pay the death benefit to such Beneficiary as said Participant shall have designated; provided, however, that in default of such designation or if the last designated Beneficiary shall not survive the Participant, the death benefit shall be paid in single sum to the first surviving class of the following classes of successive preference Beneficiaries: (a) child or children, (b) parents, (c) brothers and sisters.

23. The Pension Plan guaranteed payments of pension benefits to Mr. Arthur for 60-months certain.

24. In the appeal letter, the Estate asserted that it is entitled to Mr. Arthur's remaining benefit from the Pension Plan. If the Estate does not receive the remaining benefit, the "five years certain" benefit required by the "Normal Form" as defined in Section 1.18 of the Pension Plan would be violated.

6

25. The phrase "successive preference Beneficiary" as used in Section 7.06 of the Pension Plan is not defined in the Pension Plan.

26. Under the Pension Plan, "successive preference Beneficiary" is a beneficiary who is not designated by a Participant as being entitled to receive any death benefit under the Pension Plan.

27. In the appeal letter, the Estate asserted that the Pension Plan does not provide that the "successive preference Beneficiaries" set forth in Section 7.06 is an exclusive and exhaustive listing of beneficiaries to whom a death benefit can be paid, or that the "successive preference Beneficiaries" listed are the only beneficiaries that can receive a death benefit to the exclusion of the estate of a deceased Participant.

28. The enumerated "successive preference Beneficiaries" in Section 7.06 only identifies the surviving beneficiaries to whom a death benefit can be paid and does not indicate that it is an exclusive list.

29. Upon the death of a Participant receiving benefits under the Normal Form who dies before receiving 60 monthly payments, where a Participant's Beneficiary dies before the 60 monthly payments have been made, Section 7.02 of the Pension Plan provides that the remaining payments shall be made as prescribed in Section 7.06, and expressly permits the remaining payments to be made to the Beneficiary's estate.

30. In the appeal letter, the Estate asserted that it was a permissible Beneficiary of Mr. Arthur's under the Pension Plan.

31. The Estate received a letter dated February 10, 2017 on the letterhead of "Ohio Operating Engineers Fringe Benefit Programs" advising that "the Trustees of the Pension Fund

7

considered the appeal at their February 6, 2017. After discussion, the Trustees decided to deny the appeal."

32. The denial of appeal letter was signed by Carol A. Wilson, Fund Administrator, and stated that the Estate is not "a designated default beneficiary" to Mr. Arthur's death benefit and thus, "the estate is not entitled to the death benefit under the Pension Plan."

33. The Defendants' decision to deny the claim should be reviewed by the Court under the *de novo* standard of review.

34. Alternatively, if the Court finds that discretion was adequately granted to the Defendants on this claim to invoke the arbitrary and capricious standard of review, the Defendants operated under a conflict of interest and abused their discretion.

35. The Defendants' interpretation of the Pension Plan and decision to deny the Estate's claim is arbitrary and capricious, unconscionable, inequitable, and creates a windfall to the Pension Plan.

36. The Defendants would pay any benefits due on this claim out of their own Pension Plan funds.

37. The Defendants allowed their concern over their own Pension Plan funds to influence their decision-making on this claim.

**FIRST CAUSE OF ACTION**
**FOR PLAN BENEFITS PURSUANT TO SECTION 502(a)(1)(B) OF ERISA,**
**29 U.S.C. §1132(a)(1)(B)**

38. The Estate incorporates by reference as if fully rewritten herein each of the allegations set forth in paragraphs 1 through 37.

39. This cause of action makes a claim for benefits due against the Pension Plan pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

8

40. Under the terms of the Pension Plan, Defendants agreed to provide benefits to Mr. Arthur in the form of a single life annuity, 60 payments certain.

41. As of the date of his death on September 22, 2016, Mr. Arthur had only received 29 of the guaranteed 60 payments.

42. Under the terms of the Pension Plan, the Estate is entitled to Mr. Arthur's remaining 31 guaranteed pension benefit payments from the Pension Plan.

43. The Estate is a permissible "Beneficiary" under the Pension Plan.

44. Defendants failed to provide benefits due under the terms of the Pension Plan, and these denials of benefits to Plaintiff constitute breaches of the Pension Plan.

45. The decisions to deny benefits were wrong under the terms of the Pension Plan.

46. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits to Plaintiff, the Estate has been damaged in the amount equal to the amount of benefits to which it would have been entitled under the Pension Plan.

47. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits to Plaintiff, Plaintiff has suffered, and will continue to suffer in the future, damages under the Pension Plan, plus interest and other damages, for a total amount to be determined.

48. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

**SECOND CAUSE OF ACTION**
**FOR EQUITABLE RELIEF OF REFORMATION DUE TO BREACH OF FIDUCIARY DUTY PURSUANT TO SECTION 502(a)(3) OF ERISA, 29 U.S.C. §1132(a)(3)**

49. The Estate incorporates by reference as if fully rewritten herein each of the allegations set forth in paragraphs 1 through 48.

50. This cause of action makes a claim for equitable relief in the form of reformation pursuant to ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3).

51. As ERISA fiduciaries, Defendants owed Plaintiff fiduciary duties, including the obligation to discharge their duties for the exclusive purpose of providing benefits, and with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity would use as required by ERISA Section 404.

52. Defendants violated the fiduciary duties owed to the Plaintiff.

53. Defendants breached their fiduciary duties by inconsistently interpreting the payment provisions in the Pension Plan to deny the Estate's claim for death benefits promised by the Pension Plan. The Pension Plan describes the Normal Form of benefit as a guaranteed life annuity, 60 payments certain, and the Defendants chose to interpret the Pension Plan in a way that results in the guaranteed payments not being made at all.

54. A term-certain payment means that the payment is guaranteed to be made, regardless of the death of the Participant.

55. The Pension Plan does not state that the benefits will not be paid to an estate if a Participant does not provide a designated beneficiary or have an enumerated successive preference Beneficiary.

56. The Defendants' inconsistent interpretation and decision to deny the payment to the Estate has foreclosed all opportunities for payment of the benefits if a Participant dies before receiving the full term-certain payments as promised by the Pension Plan and has not designated a Beneficiary or does not have an enumerated successive preference Beneficiary.

57. Mr. Arthur and the Estate had a reasonable expectation that all of the guaranteed life annuity, 60 payments certain as promised by the Pension Plan would be made even if Mr. Arthur died before all payments were made.

58. If the Estate does not receive the benefit payment, then no other Beneficiary exists who can receive the benefit and the benefit promised by the Pension Plan is nullified.

59. The equitable result of the Defendants' arbitrary and capricious interpretation requires reformation of the Pension Plan to provide that if Participant does not have a designated Beneficiary or enumerated successive preference Beneficiary, the Estate shall receive the lump-sum payment described in Section 7.02 of the Pension Plan because otherwise the Pension Plan will be unjustly enriched by avoiding payment promised by its very terms.

60. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits to Plaintiff, the Estate has been damaged in the amount equal to the amount of benefits to which it would have been entitled under the Pension Plan.

61. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits to Plaintiff, Plaintiff has suffered, and will continue to suffer in the future, damages under the Pension Plan, plus interest and other damages, for a total amount to be determined.

62. The decisions to deny benefits and the decision-making processes utilized by Defendants constituted a breach of fiduciary duty requiring reformation of the Pension Plan.

### THIRD CAUSE OF ACTION
### FOR EQUITABLE RELIEF OF RESTITUTION DUE TO BREACH OF FIDUCIARY DUTY PURSUANT TO SECTION 502(a)(3) OF ERISA, 29 U.S.C. § 1132(a)(3)

63. The Estate incorporates by reference as if fully rewritten herein each of the allegations set forth in paragraphs 1 through 62.

64. This cause of action makes a claim for equitable relief in the form of restitution pursuant to ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3).

65. As ERISA fiduciaries, choosing to interpret the Pension Plan in an arbitrary and capricious manner to deny a participant's estate guaranteed benefits promised, Defendants had a fiduciary obligation to ensure that Plaintiff maintained a beneficiary designation consistent with their interpretation of the Pension Plan. Defendants clearly failed to do so and thereby violated their fiduciary duties owed to Plaintiff and similarly situated Pension Plan participants.

66. Plaintiff is entitled to restitution in the amount of the unpaid benefits, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the Estate the following relief in this case:

1. The remaining 31 guaranteed single life annuity payments in a lump sum amount calculated using a 5% interest reduction factor in accordance with the Pension Plan, plus interest;

2. Alternatively, reformation of the Pension Plan to provide that the Estate is the Beneficiary when there is no designated Beneficiary or enumerated successive preference Beneficiary so that the Estate is entitled to the remaining 31 guaranteed single life annuity payments in a lump sum amount calculated using a 5% interest reduction factor in accordance with the Pension Plan, plus interest;

3. Alternatively, restitution in an amount equal to the remaining 31 guaranteed single life annuity payments in a lump sum amount calculated using a 5% interest reduction factor in accordance with the Pension Plan, plus interest;

4.		Damages in the amount of profits Defendants have earned with the money wrongfully withheld from Plaintiff, as disgorgement of unjust enrichment;

5.		Plaintiff's reasonable attorney's fees and costs; and

6.		Such other equitable relief available under ERISA as this Court deems just and proper.

Dated this 23rd day of May, 2017.

                                                Respectfully submitted,

/s/ John M. Hands
John M. Hands (0040151)
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Telephone: (513) 698-5122
Facsimile: (513) 698-5123
Email: jhands@ulmer.com

Patricia A. Shlonsky (0017667)
Ulmer & Berne LLP
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1406
Telephone: (216) 583-7012
Facsimile: (216) 583-7012
Email: pshlonsky@ulmer.com

Christine E. Watchorn (0075919)
Ulmer & Berne LLP
65 E. State Street, Suite 1100
Columbus, OH 43215-4213
Telephone: (614) 229-0034
Facsimile: (614) 229-0035
Email: cwatchorn@ulmer.com

***Attorneys for Plaintiff***

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been electronically filed and served via the Court's CM/ECF System upon all parties of record this 23rd day of May 2017.

                                                            */s/ John M. Hands*
                                                            John M. Hands

CIN2000 2374413v1