IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHEILA K. BAKER, :
:  Case No. 2:17-cv-316
      Plaintiff, :
:  JUDGE ALGENON L. MARBLEY
v. :
:  Magistrate Judge Deavers
THE OHIO OPERATING ENGINEERS :
PENSION FUND, et al., :
:
      Defendants. :

## ORDER ON MOTION TO DISMISS

This matter is before the Court on Defendants' Motion to Dismiss Counts Two and Three of Plaintiff Sheila K. Baker's Complaint (ECF No. 8).

For the reasons set forth below, the Court **GRANTS** the Motion.

### I.    BACKGROUND

#### A.    Factual Background

Plaintiff Sheila K. Baker is the executrix of the estate of Earl Wayne Arthur, a member of Local Union No. 18 of the International Union of Operational Engineers and a participant in the Ohio Operating Engineers Pension Plan (the "Pension Plan"). (ECF No. 1 at 2–4). The Pension Plan is an employee pension benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § 1002(3).

When Mr. Arthur retired, he elected to receive his benefits in the form of an annuity spread over sixty months of payments. (ECF No. 1 at 4). After he had received the twenty-ninth of sixty payments, on September 22, 2016, Mr. Arthur passed away. (*Id.* at 5). At the time of his death, he was not married. (*Id.*).

Under the terms of the Pension Plan, if an unmarried beneficiary dies before receiving all sixty payments, the remaining benefits are distributed to the decedent's designated beneficiary. (*Id.* at 6). If the decedent had not identified a designated beneficiary, the payments are distributed to the first surviving class of the following classes of individuals: the children of the decedent, the parents of the decedent, or the siblings of the decedent. (*Id.*) Mr. Arthur died without a designated beneficiary and without any surviving children, parents, or siblings. (*Id.* at 5).

### B. Procedural Background

Mr. Arthur's Estate submitted a claim for the remaining thirty-one Pension Plan payments, but the Plan denied the claim because Mr. Arthur passed away without a designated or default beneficiary. (*Id.*). The Estate appealed the denial, arguing that it was entitled to be a beneficiary under the terms of the Pension Plan. (*Id.*). The Trustees of the Pension Plan considered the appeal, and ultimately denied the claim. (*Id.* at 7-8).

Ms. Baker, in her capacity as executrix for the Estate, commenced this litigation against the Pension Plan, trustees of the Plan, and the Plan Administrator seeking the unpaid death benefits. (ECF No. 1). She asserts three claims: Count One is a simple claim for benefits under ERISA (*Id.* at 8), Count Two is a breach of fiduciary duty claim seeking the "equitable relief of reformation" under ERISA (*Id.* at 9), and Count Three is a breach of fiduciary duty claim seeking the "equitable relief of restitution" under ERISA (*Id.* at 11).

Before this Court is Defendants' Motion to Dismiss Counts Two and Three of Ms. Baker's complaint. (ECF No. 8).

### II. STANDARD OF REVIEW

A complaint will survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff alleges facts that "state a claim to relief that is plausible on its

face" and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). In assessing the sufficiency and plausibility of a claim, courts "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Homeland Sec.*, 679 F.3d 425, 429 (6th Cir. 2012) (quotation omitted).

### III. ANALYSIS

Each of Plaintiff's three causes of action seeks the same relief: benefits she claims are due under the Pension Plan. (ECF No. 1 at 8, 11, 12). Plaintiff does not argue that she can recover simultaneously under Count One—her statutory claim under Section 502(a)(1)(B) of ERISA; 29 U.S.C. § 1132(a)(1)(B)—and Counts Two and Three—her claims in equity under Section 502(a)(3) of ERISA; 29 U.S.C. § 1132(a)(3). Indeed, she could not: "The Supreme Court clearly limited the applicability of § 1132(a)(3) to beneficiaries who may not avail themselves of § 1132's other remedies." *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998) (citing *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996)). Instead, she describes the causes of action as alternative pleadings. (ECF No. 14 at 4). The sole question the Motion to Dismiss presents is whether she may do so. (ECF No. 8 at 6–9). In other words, can an ERISA plaintiff present such alternative theories of liability seeking identical relief—under § 1132(a)(1)(B) and § 1132(a)(3), respectively—at the pleadings stage?

The Sixth Circuit has answered this question in the negative. In *Donati v. Ford Motor Company*, the court determined that an ERISA plaintiff could not simultaneously assert a claim

for wrongful denial of benefits under § 1132(a)(1)(B) and breach of fiduciary duty under § 1132(a)(3) because she sought the same monetary relief in both claims:

> Plaintiff argues that she pleaded her breach-of-fiduciary-duty claim as an alternative to her wrongful-denial-of-benefits claim, but that fact makes no difference. "The deciding factor" in determining whether a plaintiff can state a claim for breach of fiduciary duty under § 1132(a)(3) "is not whether a plaintiff *has* recovered under § 1132(a)(1)(B)" successfully, "but rather, whether a plaintiff *may* recover." Because Plaintiff's two claims are for the same relief, her breach-of-fiduciary-duty claim is barred by our precedents. . . .

*Donati v. Ford Motor Co., Gen. Ret. Plan, Ret. Comm.*, 821 F.3d 667, 674 (6th Cir. 2016) (internal citation omitted) (quoting *Moss v. Unum Life Ins. Co.*, 495 Fed. Appx. 583, 589 (6th Cir. 2012)); *see also Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 372 (6th Cir. 2015) (holding that "[b]ecause § 502(a)(1)(B) provides a remedy" for denial of benefits, Plaintiff "does not have a right to a cause of action for breach of fiduciary duty pursuant to § 502(a)(3) ." (quoting *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 (6th Cir. 1998) (internal alterations omitted)); *Asher v. Battelle Mem'l Inst.*, No. 2:15-CV-1097, 2016 WL 5661695, at *7 (S.D. Ohio Sept. 30, 2016) (dismissing a claim under § 1132(a)(3) because identical relief may be sought under § 1132(a)(1)(B)).

Plaintiff argues that, unlike in *Donati*, she seeks "equitable relief—reformation and restitution—and not mere payment of benefits" under Counts Two and Three. (ECF No. 14 at 9). Her alternative pleadings are, in her view, therefore permissible under the Sixth Circuit's holding in *Hill v. Blue Cross and Blue Shield of Michigan* that a plaintiff may simultaneously allege individual benefit and fiduciary duty claims when the former seeks relief on a beneficiary-by-beneficiary basis but the latter seeks equitable relief on a plan-wide basis. 409 F.3d 710, 718 (6th Cir. 2005). But this argument is unavailing. Unlike in *Hill*, she does not seek equitable relief that extends beyond individual benefits, such as a broad, plan-wide injunction. Instead, the

ultimate remedy she seeks under each claim is identical. Under her Complaint, reformation and restitution are solely equitable means to a monetary end. In light of this unambiguous precedent, the Court cannot accept Plaintiff's attempt to cancatervate equitable claims upon statutory ones.

## IV.  CONCLUSION

Defendants' Motion to Dismiss Counts Two and Three of Plaintiff Sheila K. Baker's Complaint is therefore **GRANTED** (ECF No. 8).

**IT IS SO ORDERED.**

    <u>s/Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: March 2, 2018**