IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SHEILA K. BAKER, Executor**
**of the Estate of Earl Wayne Arthur,**

      **Plaintiff,**

                                                Case No. 2:17-cv-316
                                                Judge Algenon L. Marbley
                                                Magistrate Judge Elizabeth P. Deavers

      **v.**

**THE OHIO OPERATING ENGINEERS**
**PENSION PLAN,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

This is an action for benefits under an employee benefit plan under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). This matter is before the Court for consideration of Plaintiff's Motion for Leave to Conduct Discovery. (ECF No. 29.) For the reasons that follow, Plaintiff's Motion is **DENIED**.

## I.

Defendant Carol A. Wilson is the fund administrator and plan administrator of Defendant Ohio Operating Engineers Pension Plan ("Pension Plan"), an employee pension benefit plan within the meaning of ERISA. (First Amended Complaint ¶¶ 7, 9, ECF No. 15 ("Am. Compl.").) Defendants Vic DiGeronimo, Jr., Stanley I. Roedinger, Jr., Mark Sterling, George Palko, Patrick L. Sink, Richard E. Dalton, Mark Totman, and Thomas P. Byers are current trustees of the Pension Plan (collectively, "the Trustees"). (*Id.* at ¶ 8.) Four of the Trustees are representatives of the International Union of Operating Engineers ("the Union") and the

remaining four Trustees are representatives of the employer association. (Administrative Record ("A.R.") at OOE 000030, OOE 000034, OOE 000052.)[1]

Plaintiff, Sheila K. Baker, is the executor of the estate of her decedent, Earl Wayne Arthur ("the Estate"). (Am. Compl. ¶ 4.) Mr. Arthur is a deceased former participant in the Pension Plan. (*Id*. at ¶¶ 4–5, 12.) When he retired on May 1, 2014, Mr. Arthur elected to receive his pension benefit in a payment known as the "Normal Form" of payment, which guarantees 60 monthly payments. (*Id*. at ¶ 13.) At the time of his death on September 22, 2016, Mr. Arthur had received 29 of the 60 guaranteed payments under the Pension Plan. (*Id*. at ¶ 14.) Mr. Arthur, who was not married at the time of his death, died without surviving children, surviving parents, or surviving brothers or sisters, or a valid beneficiary designation for the payment of remaining benefits under the Pension Plan. (*Id*. at ¶ 15.)

On or around November 8, 2016, the Estate submitted a claim for death benefits under the Pension Plan. (*Id*. at ¶ 16.) In a letter dated December 2, 2016, the Estate's claim for benefits was denied because "the Estate is not a designated beneficiary to Mr. Arthur's death benefit[.]" (*Id*. at ¶¶ 17–18 (internal quotation marks omitted).) The Estate appealed the denial of benefits, arguing that it was a permissible beneficiary under the Pension Plan. (*Id*. at ¶¶ 19–30.)

In a letter dated February 10, 2017, Plaintiff was advised that "the Trustees of the Pension Fund considered the appeal at their February 6, 2017 [meeting]. After discussion, the Trustees decided to deny the Appeal." (*Id*. at ¶ 31 (internal quotation marks omitted).) The letter further advised that the Estate was not a "designated default beneficiary" to Mr. Arthur's

---

[1] Defendants filed the Administrative Record on October 5, 2017. (ECF No. 32.)

death benefit and, therefore, "the estate is not entitled to the death benefit under the Pension Plan." (*Id*. at ¶ 32 (internal quotation marks omitted).)

Plaintiff filed this action on April 14, 2017, and later filed the Amended Complaint, asserting three claims. (ECF Nos. 1, 15.) Plaintiff first asserts a claim for benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). (Am. Compl. ¶¶ 38–48.) Her second claim is for breach of fiduciary duty, seeking "equitable relief of reformation" under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). (*Id*. at ¶¶ 49–62.) Plaintiff last asserts a breach of fiduciary duty claim, seeking "equitable relief of restitution" under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). (*Id*. at ¶¶ 63–66.)

Plaintiff has moved for leave to conduct discovery on her three claims. (ECF No. 29; *see also* Affidavit, ECF No. 30.) Defendants have opposed Plaintiff's Motion (ECF No. 31), and Plaintiff has filed a reply in support of her request (ECF No. 33.) This matter is now ripe for resolution.

**II.**

The Federal Rules of Civil Procedure authorize "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Generally, discovery outside of the administrative record is not permitted in ERISA actions. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618 (6th Cir. 1998) (Gilman, J., concurring); *see also Schwalm v. Guardian Life Ins. Co. of Am.*, 626 F.3d 299, 308 (6th Cir. 2010) ("The court's review is thus limited to the administrative record."). The United States Court of Appeals for the Sixth Circuit previously explained that "[p]ermitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of" one of ERISA's primary goals of

"provid[ing] a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." *Perry* v. *Simplicity Eng'g, a Div. of Lukens Gen. Indus., Inc.*, 900 F.2d 963, 967 (6th Cir. 1990). However, courts recognize an exception "when evidence outside the record 'is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part.'" *Johnson v. Connecticut Gen. Life Ins. Co.*, 324 F. App'x 459, 466 (6th Cir. 2009) (quoting *Wilkins*, 150 F.3d at 619 (Gilman, J., concurring)). In instances involving such challenges, evidence outside the record may be relevant and discoverable. *See id.*; Fed. R. Civ. P. 26(b)(1).

## III.

As a preliminary matter, the Court dismissed Plaintiff's second and third claims on March 2, 2018, after Plaintiff's Motion was filed. (ECF No. 37.) Accordingly, as it relates to these claims, Plaintiff's Motion (ECF No. 29) is **DENIED AS MOOT**.

Plaintiff also seeks leave to conduct discovery on her claim for benefits under Section 502(a)(1)(B) (her first claim for relief) regarding the following matters:

> (1) the bias or conflict of interest of the Fund Administrator and Trustees in reaching their decision; (2) Defendants' administrative procedures for making benefit determinations and any procedural irregularities and due process issues related thereto; and (3) Defendants' prior interpretation and application of Plan language regarding claims involving the same or similar facts.

(ECF No. 29 at 1; ECF No. 33 at 3.) The Court addresses each category in turn.

### A. Discovery Regarding Conflict of Interest or Bias

The United States Supreme Court has specifically recognized that a clear conflict of interest exists where "a plan administrator both evaluates claims for benefits and pays benefits claims[.]" *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 112 (2008). Following *Glenn*, the Sixth Circuit considered the propriety of a district court's decision to allow limited discovery

4

concerning the conflict of interest created when an employer utilizes dual-role administrators under an ERISA plan. *Johnson*, 324 F. App'x at 465–67. The *Johnson* court first cited with approval Sixth Circuit precedent holding that "a mere allegation of bias is not sufficient to permit discovery under the *Wilkins*' exception." *Id*. at 466 (citing *Putney v. Med. Mut. of Ohio*, 111 F. App'x 803, 807 (6th Cir. 2004); *Likas v. Life Ins. Co. of N. Am.*, 222 F. App'x 481, 486 (6th Cir. 2007); *Huffaker v. Metro. Life Ins. Co.*, 271 F. App'x 493, 504 (6th Cir. 2008)). Relying on *Glenn*, the *Johnson* court nevertheless rejected the defendant's contention that Sixth Circuit precedent should be interpreted to impose a threshold evidentiary showing of bias as a prerequisite to discovery under *Wilkins*. *Id*. at 466. The *Johnson* court also rejected the notion that *Glenn* permits discovery automatically in instances where the defendant is both the administrator and the payor. Instead, the *Johnson* court indicated that "[d]istrict courts are well-equipped to evaluate and determine whether and to what extent limited discovery is appropriate in furtherance of a colorable procedural challenge under *Wilkins*." *Id*. at 467; *accord Bell v. Ameritech Sickness & Acc. Dis. Ben. Plan*, 399 F. App'x 991, 998 (6th Cir. 2010) ("Discovery may be appropriate to determine the weight to accord a conflict of interest, . . . but the district court retains discretion to decide when to allow such discovery."). The *Johnson* court concluded that the district court did not abuse its discretion in allowing the plaintiff to conduct limited discovery concerning the conflict because the plaintiff had "offered more than a mere allegation of bias."[1] *Id*.

---

[1] The district judge in *Johnson* found the plaintiff's showing of a "financial relationship between the insurer and the reviewer" an adequate initial threshold showing of prejudice. *Johnson v. Connecticut General Life Ins. Co*., No. 5:07-cv-167, 2007 WL 2993920, at *2 (N.D. Ohio Oct. 11, 2007).

5

In the wake of *Johnson*, courts in this circuit have split with respect to whether something beyond the mere existence of a structural conflict is necessary to permit discovery in an ERISA case. *See*, *e.g.*, *Alekna v. AT&T Serv., Inc.*, No. 5:17-cv-400, 2018 WL 1251767, at *2 (N.D. Ohio Mar. 12, 2018) (describing the different approaches); *McLaren v. Tr. of the Group Ins. Trust for Employers in the Mfg. Indus.*, No. 1:16-cv-1164, 2017 WL 4417704, at *4 (S.D. Ohio Oct. 4, 2017) (collecting cases); *Monterroza v. Belletech Corp.*, No. 2:16-cv-1113, 2017 WL 874733, at *2 (S.D. Ohio Mar. 6, 2017) (describing approaches and collecting cases); *Neubert v. Life Ins. Co. of N. Am.*, No. 5:15-cv-643, 2013 WL 5595292, at *1–4 (N.D. Ohio Oct. 10, 2013) (discussing different approaches and collecting cases). Recently, the Sixth Circuit, in considering whether the district court erred in denying discovery in an ERISA case where there was a conflict of interest, stated that "the claimant must put forth a factual foundation to establish that he has done more than merely allege bias." *Collins v. Unum Life Ins. Co. of Am.*, 682 F. App'x 381, 389 (6th Cir. 2017). The *Collins* court determined that the claimant had "not set forth evidence establishing more than a mere allegation of bias based on the inherent conflict of interest" and concluded that the district court did not abuse its discretion in denying additional discovery "based on [claimant's] mere allegations that Unum was biased against him." *Id*.

Here, Plaintiff argues that "[t]his is a case where an inherent conflict apparently exists. Four of the Trustees, the decision-makers on appeal, are, or are employed by, participating employers responsible for funding the Pension Plan." (ECF No. 29 at 7.) The Court is not persuaded that this structure warrants discovery. As set forth above, four of the eight Trustees are Union representatives and the remaining four Trustees are representatives of the employer association. (Am. Compl. ¶ 8; A.R. at OOE 000030, OOE 000034, OOE 000052.) In other words, this is a different structure—a multi-employer fund—than the single-employer structure

6

considered in *Glenn*. *See Glenn*, 554 U.S. at 112–14. Moreover, Plaintiff does not cite to anything in the record that the four Trustees representing the employer association receive any personal financial benefit from denying claims or that the Pension Plan has a profit motive. The Sixth Circuit has previously held that a multi-employer structure "does not create an inherent conflict of interest[.]" *Foltz v. Barnhart Crane & Rigging, Inc.*, 636 F. App'x 677, 681 (6th Cir. 2016) (citing *Klein v. Cent. States Se. & Sw. Areas Health & Welfare Plan*, 346 F. App'x 1, 5 (6th Cir. 2009) ("Several courts have considered this issue and concluded that this structure [a multi-employer benefit plan without a profit motive with trustees who receive no personal financial benefit from approving or denying claims] does not create an inherent conflict of interest.")); *see also Ballew v. Asbestos Workers Local #8, Ret. Trust Fund*, No. 1:15-cv-731, 2017 WL 2443432, at * (S.D. Ohio June 5, 2017) (finding no potential for conflict of interest in multi-employer structure); *Willard v. Ohio Operating Eng'rs Pension Plan*, No. 2:12-cv-266, 2014 WL 4915415, at *2 (S.D. Ohio Sept. 30, 2014) (distinguishing a single-employer self-funded plan from a plan where the board of trustees has equal numbers of both employer and union representatives and finding no evidence suggesting that the fund administrator or trustees acted under a conflict of interest).

Plaintiff, however, argues that *Klein* and *Foltz* are unpublished and therefore not binding. (ECF No. 33 at 2–3.) While it is true that this Court is not bound by unpublished decisions, it is notable that Plaintiff's basis for rejecting this precedent rests on another unpublished district court decision that pre-dates *Foltz*. (*Id*. (citing *Humes v. Elec. Workers' Pension Trust Fund of Local Union #58, I.B.E.W.,* No. 13-cv-10385, 2015 WL 249330, at *2–3 (E.D. Mich. Jan. 20, 2015)).) Under these circumstances, Plaintiff's argument and the present record do not persuade this Court that the rationale in *Klein* and *Foltz* is unsound.

Plaintiff also argues that *Willard*, an unpublished decision, is distinguishable because it did not address the conflict of interest issue in the context of a request for discovery. (ECF No. 33 at 3.) Even if this Court accepted Plaintiff's argument, his request for discovery based on an inherent conflict of interest still fails under *Foltz* and *Klein*.

Plaintiff nevertheless insists that she has offered more than a mere allegation of bias or inherent conflict of interest because the minutes in the administrative record do not reflect that the Trustees deliberated or weighed in any evidence when denying her claim. (ECF No. 29 at 7; ECF No. 33 at 3–4; A.R. at OOE 000173– OOE 000180 (copy of minutes from Trustees' meeting).) Plaintiff's argument is not well taken. Plaintiff's speculation that some bias or conflict of interest exists rests entirely on the fact that the minutes of the meeting do not detail any information about the Trustees' deliberations. In other words, Plaintiff contends the limited nature of the minutes warrants discovery even though nothing in those minutes suggests that bias or a conflict of interest influenced the Trustees' decision. Permitting discovery under these circumstances would open the door to discovery in many, if not all, ERISA cases, "transforming the exception into the rule, and decimating case law underscoring the limited nature of ERISA discovery." *Alekna*, 2018 WL 1251767, at *3. Where Plaintiff relies only on the absence of detailed minutes, "it is clear that she is hoping that discovery will lead to the unearthing of some previously unknown conflict or procedural defect." *Id.*; *see also* Pl's Motion, ECF No. 29 at 7 (arguing that the dearth of information in the minutes "begs the question: What is Defendants' relationship to the Pension Plan? What role did Defendants' inherent conflict of interest play in handling Plaintiff's claim for benefits?[2] What steps were taken to minimize bias? What was the process used to deny the appeal? *Such information would be helpful to the Court in determining*

---

[2] For the reasons previously discussed, this Court is not persuaded that this case presents an inherent conflict of interest.

8

*whether the Trustees simply rubber-stamped the Fund Administrator's initial denial of the claim due to bias*" and arguing that the requested information "would be helpful to the Court in determining *whether bias or conflict of interest influenced their decision to deny the claim, whether there were any procedural irregularities or due process issues, and whether Defendants have inconsistently interpreted and applied the relevant Plan language*" (emphasis added)). Plaintiff's "unsubstantiated concerns, coupled with her unresolved factual questions as to the details of how her own claim was processed, are insufficient to justify this Court venturing beyond the administrative record." *Alekna*, 2018 WL 1251767, at *3; *see also Pearce v. Chrysler Grp., L.L.C. Pension Plan*, 615 F. App'x 342, 350 (6th Cir. 2015) (concluding that the district court did not abuse its discretion in denying the plaintiff's request for discovery where "he argues that he should be allowed to engage in discovery to discern whether a conflict exists"). Accordingly, as it relates to her request for discovery based on these arguments, Plaintiff's Motion is therefore **DENIED**. *Id.*; *Collins*, 682 F. App'x at 389.

**B.    Discovery Regarding Due Process**

Plaintiff also argues that "the fact that the Administrative Record [ECF No. 32] lacks any deliberations regarding the appeal and any consideration of the evidence submitted by Plaintiff supports allowing limited discovery due to a lack of due process." (ECF No. 33 at 3 (citing *Pediatric Special Care, Inc. v. United Med. Res.*, No. 10–13313, 2011 WL 133038, at *2 (E.D. Mich. Jan. 14, 2011); *Burklow v. Local 215 Int'l Bhd. of Teamsters*, No. 4:02CV-32-M, 2006 WL 3354480, *4 (W.D. Ky. Nov. 16, 2006)).) For the reasons discussed above, Plaintiff's argument is unavailing. Moreover, the cases cited for this proposition are inapposite. In *Pediatric Special Care*, there were different versions of the administrative record and "it is impossible to determine what comprises the full administrative record on which the defendants

9

relied when denying the plaintiff's claim." *Pediatric Special Care, Inc.*, 2011 WL 133038, at *2. In the present case, however, there is no evidence or suggestion that different versions of the administrative record exist such that discovery is needed to clarify the composition of the administrative record. Similarly, *Burklow* is distinguishable because of a different factual posture. In that case, the plaintiff alleged that administrative decisions were "obviously skewed because they were based upon only the available and recorded contributions paid, instead of all contributions paid by Plaintiff's employer[.]" *Burklow*, 2006 WL 3354480, at *4. The *Burklow* court authorized discovery related to only these issues. *Id.* Here, conversely, there is no evidence or allegation that the administrative decision in this case was distorted because of irregularities related to contributions. In short, the Court is not persuaded that the cases support the proposition for which they are cited. Accordingly, as it relates to her request for discovery based on these arguments, Plaintiff's Motion is **DENIED**.

C. **Discovery Regarding Defendants' Prior Interpretation and Application of Plan Language**

Finally, Plaintiff seeks discovery regarding Defendants' prior interpretation and application of Plan language. (ECF No. 29 at 1, 9; ECF No. 33 at 8.) However, the cases upon which Plaintiff relies are distinguishable from the instant case because in those cases there was, *inter alia*, some evidence of inconsistent interpretations, structural conflict of interest, or deficiency in the record. *See Pediatric Special Care, Inc.*, 2011 WL 133038, at *2 (discussing different versions of the administrative record); *Sundermeyer v. Ohio Educ. Ass'n*, No. 2:12-cv-959, 2013 WL 3147952, at *4–6 (S.D. Ohio June 19, 2013) (noting a structural conflict of interest and discussing the defendants' documented inconsistent interpretations of the term "retire"); *Adams v. Anheuser-Busch Co., Inc.*, 917 F. Supp. 2d 697, 714 (S.D. Ohio Jan. 9, 2013) (discussing inconsistent interpretations reflected in correspondence in the administrative record

in determining whether judgment on the administrative record should be granted),³ *rev'd on other grounds*, 758, F.3d 743 (6th Cir. 2013); *Rhoton v. Cent. States, Se. & Sw. Areas Pension Fund*, 717 F.2d 988, 991 (6th Cir. 1983) (noting that "consistent past interpretation and application of a pension plan is relevant to the reasonableness of a challenged trustee decision," but finding that "the trustees have simply not put forward any evidence of a policy or practice applicable to the instant case").⁴

Here, Plaintiff has offered no evidence or allegation that the Trustees inconsistently interpreted any term or provision. Instead, Plaintiff simply speculates that she may find an inconsistency if the Court authorizes discovery. (ECF No. 29 at 7 (seeking discovery to determine, *inter alia*, "whether Defendants have inconsistently interpreted and applied the relevant Plan language"), 9 (seeking discovery to determine "whether Defendants have inconsistently interpreted and applied the relevant Plan language under the same or similar facts").) In other words, "it is clear that she is hoping that discovery will lead to the unearthing of some previously unknown" inconsistency. *Alekna*, 2018 WL 1251767, at *3. However, as previously discussed, unsubstantiated concerns and unresolved factual questions do not warrant discovery in this ERISA action. *Alekna*, 2018 WL 1251767, at *3; *Pearce*, 615 F. App'x at 350. For these reasons, as it relates to these arguments, Plaintiff's Motion is **DENIED**.

---

³ The Court also notes that *Adams* arose in the context of a motion for judgment on the administrative record, which is a different procedural posture than the instant case that Plaintiff previously argued was a distinguishing factor. (ECF No. 33 at 2 (arguing that Defendants' cited cases addressed whether an "inherent conflict of interest" should be a factor "under the arbitrary and capricious standard, and [Defendants' cited cases] do not specifically address whether limited discovery should be permitted to determine if bias influenced the denial of the claim or if there were any procedural irregularities or due process issues, and are therefore distinguishable").)

⁴ In addition, as with *Adams*, *Rhoton* did not address whether limited discovery is appropriate in ERISA cases. As noted above, Plaintiff has argued that such procedural posture is distinguishable from this action. (ECF No. 33 at 2.)

## IV.

Accordingly, Plaintiff's Motion for Leave to Conduct Discovery (ECF No. 29) is **DENIED** consistent with the foregoing.[5]

**IT IS SO ORDERED**.

Date: May 7, 2018                                        /s/ *Elizabeth A. Preston Deavers*
                                                        ELIZABETH A. PRESTON DEAVERS
                                                        UNITED STATES MAGISTRATE JUDGE

---

[5] Having so concluded, the Court does not address the parties' arguments regarding the scope of Plaintiff's proposed discovery requests.