IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHEILA K. BAKER, :
: Case No. 2:17-CV-316
      Plaintiff, :
: JUDGE ALGENON L. MARBLEY
     v. :
: Magistrate Judge
:     Elizabeth Preston Deavers
THE OHIO OPERATING ENGINEERS :
PENSION FUND, *et al.*, :
:
      Defendants. :

## OPINION & ORDER

This matter is before the Court on the parties' cross-Motions for Judgment on the Administrative Record. (ECF Nos. 41, 42). For the reasons that follow, this Court **GRANTS** Defendants' Motion and **DENIES** Plaintiff's Motion.

### I. BACKGROUND

The facts of this case are not in dispute. Plaintiff Sheila K. Baker is the Executrix of the Estate of Earl Wayne Arthur ("the Estate"). Defendants are the fund administrator, plan administrator, and trustees of the Ohio Operating Engineers Pension Plan. ("Pension Plan"). (ECF No. 42 at 2). Decedent Arthur was a member of Local Union 18 of the International Union of Operating Engineers and a participant in the Pension Plan. (ECF No. 42 at 2). When he retired, Arthur opted to receive his benefits in the Normal Form of payment – in brief, to receive a single life annuity in sixty monthly payments (defined further below). Arthur retired in May 2014 and died in September 2016. At the time of his death, only 29 of 60 payments under the pension plan had been made. (ECF No. 42 at 2). Arthur had no surviving spouse, children,

1

siblings, or parents, and he designated no beneficiary. (ECF No. 42 at 3). Plaintiff Baker, on behalf of the Estate, asserted a claim for the remaining pension benefits but was denied. (ECF No. 42 at 3). The Estate appealed and was again denied. (*Id.*). This suit followed. This Court earlier dismissed two of the claims in her complaint (ECF No. 37). This comes before the Court on the remaining claim, for benefits under § 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"). 29 U.S.C. § 1132(a)(1)(B).

## II. STANDARD OF REVIEW

District courts review a plan administrator's denial of ERISA benefits de novo, unless the benefit plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 613 (6th Cir.1998) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). When such discretion exists, courts review a plan administrator's decision to terminate benefits using the highly deferential arbitrary and capricious standard of review. *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 380 (6th Cir.1996). The arbitrary and capricious standard "'is the least demanding form of judicial review of administrative action....When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary and capricious.'" *Evans v. UnumProvident Corp.*, 434 F.3d 866, 876 (6th Cir.2006) (quoting *Perry v. United Food & Workers Dist. Unions 405 & 442*, 64 F.3d 238, 241 (6th Cir.1995)). This deferential standard, however, is not a simple formality: "the arbitrary and capricious standard ... does not require [the Court] merely to rubber stamp the administrator's decision." *Jones v. Metropolitan Life Ins. Co.*, 385 F.3d 654, 661 (6th Cir.2004). Instead, a plan administrator's decision will only be "upheld if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." *Baker v. United Mine Workers*

*of America Health & Retirement Funds*, 929 F.2d 1140, 1144 (6th Cir.1991). This requires the reviewing court to weigh "the quality and quantity of the medical evidence and the opinions on both sides of the issues." *McDonald v. Western-Southern Life Ins. Co.*, 347 F.3d 161, 172 (6th Cir.2006).

### III. ANALYSIS

### A. Relevant Provisions

There are four provisions of the Pension Plan relevant to this suit.

1. Section 1.18, which defines the "Normal Form" of payment:
   "Normal Form" means an immediate five years certain and life annuity, payable in monthly installments on the first day of each calendar month for 60 months certain and thereafter on the first day of each calendar month in which the Participant has lived the entire preceding month. In the event of the Participant's death during the 60-month certain period, monthly payments, in the same amount as those made during the Participant's life, shall continue to the Participant's Beneficiary for the balance of such period certain. (ECF No. 32 at 34).

2. Section 7.02, which provides:
   If a Participant retires having elected a pension for life with no survivor annuity provisions (with spousal consent in the case of a married Participant) and begins receiving either a retirement benefit, disability retirement benefit or deferred vested benefit and dies before having 60 monthly payments of such benefit, payments shall be made to the Participant's Beneficiary either (a) monthly until the remainder of the 60 monthly payments have been made; or (b) in a single lump sum amount calculated using a 5% interest reduction factor. If payments continue to be made monthly to the Participant's Beneficiary and said Beneficiary dies before such 60 monthly payments have been made, the remaining payments shall be made as prescribed in Section 7.06. If, upon the death of the Beneficiary, the payment is to be made to the Beneficiary's estate or to more than one individual, such payment will be made in a single lump sum amount calculated using a 5% interest reduction factor. (ECF No. 32 at 50)

3

3. Section 7.06, which provides:
   > Upon the death of an unmarried Participant who is eligible for a death benefit, the Trustees, upon proper notice and such verification as they shall require, shall pay the death benefit to such Beneficiary as such Participant shall have designated; provided, however, that in default of such designation or if the last designated Beneficiary shall not survive the Participant, the death benefit shall be paid in a single sum to the first surviving class of the following classes of successive preference Beneficiaries: (a) child or children, (b) parents and (c) brothers and sisters. For purposes of this section, the words "child" and "children" shall include the legally adopted child or children of the Participant. In the event that a Participant's Beneficiary is a minor child and the amount payable to such child under this Article 7 is equal to or greater than $1,0000, such amount shall be paid by the Fund Administrator to the court appointed guardian of such child. (ECF No. 32 at 52).

4. Sections 9.02 & 9.02(a), which provide:
   > The Trustees or the Fund Administrator, if so directed by the Trustees, shall have such powers as may be necessary to discharge their duties to administer the Plan in their sole absolute discretion. These powers shall include, but not be limited to, the following:
   >
   > > (a) to construe and interpret the Plan, decide all questions of eligibility and determine the amounts, manner, and time of payment of any benefits hereunder. (ECF No. 32 at 55).

### B. Interpretation of the Plan

As a threshold matter, §9.02 gives to the Trustees the power to interpret the Plan and determine questions of eligibility. Because Plan administrators have this authority, this Court reviews the determination of benefits under the arbitrary and capricious standard. The question for this Court is whether the administrator's decision was "the result of a deliberate, principled reasoning process," *Baker*, *supra*, and this Court may not overrule the administrator's decision merely because another interpretation would also be reasonable. In the instant case, this Court

4

finds that the administrator's decision was not arbitrary and capricious, and so grants judgment for Defendants.

Section 7.06 explains what happens when an unmarried Participant dies before receiving all of her benefits. In that case, after some necessary verification paperwork, the benefits are to be paid to "such Beneficiary as said Participant shall have designated…" This clause makes plain that the Participant may choose whomever she wants to receive her benefits upon her death, but also that this recipient must be designated in order to receive those benefits. If the Participant fails to designate a recipient, §7.06 provides for a hierarchy of survivors, saying: "provided, however, that in default of such designation…the death benefit shall be paid in a single sum to the first surviving class of the following classes of successive preference Beneficiaries…" Thus the procedure §7.06 outlines is: the Participant may designate a specific recipient of her benefits; lacking such designation, the benefits are to go to any surviving child, or parent, or sibling, in that order.

Defendants denied the Estate's request for benefits and then denied the Estate's appeal because §7.06 does not enumerate "the Participant's Estate" among the Beneficiaries and Arthur did not designate his Estate as his Beneficiary. This construction of §7.06 is not arbitrary or capricious. Plaintiff brought this suit to challenge this reading of §7.06.

Plaintiff argues that §7.02 is rendered surplusage if §7.06 is read to exclude estates and to give benefits only to the enumerated three categories in cases where no Beneficiary was designated. Section 7.02 outlines the Normal Form of payments. Plaintiff argues that to give meaning to §7.02 in cases where there is no survivor as enumerated and no designated Beneficiary, the benefits should go to the estate. Even if this reading is not *per se* unreasonable,

5

it is less reasonable than Defendants' reading, and this alternative reading does not make Defendants' reading arbitrary and capricious.

To allow the benefits to go to the Estate, Arthur only had to designate the Estate a Beneficiary, per §7.06. The fact that he did not does not render §7.02 surplus. Section 7.02 exists to outline the payment procedure when there is a valid recipient: either the Participant, their designated Beneficiary, or a survivor as outlined in §7.06.

Plaintiff also argues that the enumeration of Beneficiaries in §7.06 is not an exclusive list but rather merely outlines the order in which each class is to be considered. It is true that the word "only" or other such limiter does not qualify the list in §7.06. However, it is not reasonable to read §7.06 to contain an implicit "(d) and then anyone else who might qualify" clause. This is for two reasons. First, because as Defendants note, a plan with such a provision would be administratively difficult to oversee. This is true, though not dispositive, and this Court did not consider administrative feasibility in its own consideration of this question. Rather, this is important because it makes such an understanding less reasonable than a reading that would be administratively streamlined. Second, because there *is* a catch-all provision in §7.06, but it comes before the enumeration of classes: "the Trustees…shall pay the death benefit to such Beneficiary as said Participant shall have designated." There is no indication in this section that there are any requirements for the Beneficiary to meet. The Participant may choose whomever – or whatever, in the case of an Estate – she pleases. This is the "anyone who might qualify" clause that Plaintiff is looking for, but it is not an extension of the enumerated classes. As a result, it would be unreasonable to conclude that the enumeration of the three classes of beneficiaries in §7.06 is a suggestion and not an exhaustive list.

## IV. CONCLUSION

For the reasons above, this Court concludes that the Defendants' interpretation of the Pension Plan is not arbitrary and capricious. The Defendants' Motion for Judgment on the Administrative Record is **GRANTED** and the Plaintiff's Motion is **DENIED**. This case is hereby **CLOSED**.

**IT IS SO ORDERED.**

                                                _s/Algenon L. Marbley_

                                                **ALGENON L. MARBLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**DATED: March 1, 2019**